IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Elite Precision Customs LLC, *et al.*, § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> The Bureau of Alcohol, Tobacco, § <br> Firearms and Explosives, *et al.*, § <br> *Defendants*. § | Case No. 4:25-cv-00044 |

## JOINT REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order, Doc. 26 (Apr. 11, 2025), the parties to this action have prepared and submit the following report.

(1) **A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made, and—without disclosing settlement figures—a statement regarding the prospect of settlement:**

William Bergstrom, counsel for Plaintiffs, and Sam Bean, counsel for Defendants, conferred via phone on April 15, 2025, and thereafter via email regarding scheduling this case. Due to the nature of the claims presented by Plaintiffs' Complaint, which is a pre-enforcement challenge and presents a pure issue of law, the Parties agree that there is no prospect for settlement but that the case should be resolved on cross-dispositive motions.

(2) **Brief statement of the claims and defenses:**

**Plaintiffs Position:** This case presents a pre-enforcement challenge to a set of federal laws that ban the direct, in-person transfer of handguns to out of state customers. Plaintiffs are a licensed dealer, Elite Precision Customs, located in Texas who would, if it could, sell and directly transfer handguns to individuals who reside in other states after passing a federally-mandated background check, and two individuals, Tim Herron and Freddie Blish, who are not prohibited persons and would, if they could, acquire handguns outside of their home states, including from Elite Precision Customs. They are joined by an organization of which they are all members and which seeks to promote their Second Amendment protected rights. It is Plaintiffs' position that the laws in

1

question, by restricting the acquisition of handguns, implicates the Second Amendment's protections and that the Government will not be able to historically justify such a regulation. They seek both declaratory and injunctive relief, as well as costs and fees and any other relief necessary to effectuate the Court's judgment.

**Government's Position:** This case presents a pre-enforcement challenge to a set of federal laws that ban the immediate transfer of handguns to out-of-state customers. These laws, which do not prevent law-abiding out-of-state customers from purchasing handguns in any state, direct all handgun transfers to be effectuated by Federal Firearms Licensees in the purchaser's home state. Plaintiffs include two individuals, Tim Herron and Freddie Blish, who reside in New Mexico and Arizona, respectively, who allege they are law-abiding individuals who would purchase handguns from Texas retailer, Elite Precision, but for the challenged laws. Plaintiffs also include Elite Precision, a licensed firearms dealer located in Texas, that alleges it would sell handguns to out-of-state customers but for the challenged laws and has lost sales due to the challenged laws. Finally, Plaintiffs include the Firearms Policy Coalition, Inc., a nonprofit membership organization that seeks to assert representational standing and identifies other named plaintiffs, but no others, as members. Defendants' response to the Complaint is currently due May 5, 2025. Defendants are currently evaluating their position in this matter and respectfully aver it is premature to set out a position on Plaintiff's claims prior to that deadline.

(3) **A proposed time limit to amend pleadings and join parties:**

June 4, 2025.

(4) **A proposed time limit to file various types of motions, including dispositive motions:**

Due to the nature of the claims and defenses at issue, the Parties agree that this case may be resolved via dispositive motion. To that end, the Government presently plans to file a motion to dismiss in lieu of an answer on May 5, 2025. Thereafter, the parties suggest the following schedule for briefing that motion and Plaintiffs' cross-motion for summary judgment.

Defendants' Motion to Dismiss: May 5, 2025.

Plaintiffs' Opposition & Cross Motion for Summary Judgment: June 9, 2025

Defendants' Response & Reply: July 14, 2025

Plaintiffs' Reply: July 29, 2025

(5) **A proposed time limit for initial designation of experts and responsive designation of experts:**

Due to the nature of the claims and defenses at issue, the Parties agree that this case should be resolved without experts.

(6) **A proposed time limit for objections to experts:**

   N/A.

(7) **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:**

   Due to the nature of the claims and defenses at issue, the Parties agree discovery is not necessary in this case.

(8) **A statement on whether any limitations on discovery need to be imposed, and if so, what limitations:**

   N/A.

(9) **A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI:**

   N/A.

(10) **A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded:**

   Due to the purely legal nature of the claims at issue in this case, the Parties believe it should be disposed of via dispositive motion. Should the Parties' planned dispositive motions not resolve the case, they propose addressing a proposed trial date at that time. No jury has been demanded.

(11) **A proposed mediation deadline:**

   Due to the purely legal nature of the claims at issue in this case, the Parties do not believe mediation is appropriate.

(12) **A statement as to when and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made:**

   As previously stated, the Parties do not believe discovery is necessary to fully litigate this case. They similarly do not believe Rule 26 disclosures are necessary either and so do not plan to make initial disclosures.

(13) **A statement as to whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge:**

   The Parties do not consent to trial before a magistrate judge.

(14) **Whether a conference with the Court is desired, and if so, a brief explanation why:**

   The Parties do not desire a conference with the Court at this time.

(15) **Any other proposals on scheduling discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and any other orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), and 26(c):**

None.

(16) Defendants request, and Plaintiffs consent, that pursuant to Local Rule 7.2(c), Defendants' page limit for its anticipated Motion to Dismiss be 30 pages. The complaint raises complex legal issues that require significant historical analysis. For that compelling reason, the additional pages are necessary.

Dated: April 25, 2025                                           Respectfully submitted,

By: */s/ David H. Thompson*
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Admitted pro hac vice

Cody J. Wisniewski*
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (615) 955-4306
Telecopy: (615) 334-0463
cwi@fpcafhq.org

R. Brent Cooper
Texas Bar No. 04783250
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

*Attorneys for Plaintiffs*

\* Admitted *pro hac vice*

4

**AGREED AS TO FORM AND SUBSTANCE**
YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

    */s/ Samuel Bean*
SAMUEL BEAN (MD)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 455-9619
Samuel.B.Bean2@usdoj.gov

*Counsel for Defendants*

5