**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| Elite Precision Customs LLC, *et al*., *Plaintiffs*, | § | |
| v. | § | Case No. 4:25-cv-00044 |
| The Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al*., *Defendants*. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Should Plaintiffs prevail on their motion for summary judgment, they are entitled to injunctive relief for the Individual Plaintiffs and members of Plaintiff Firearms Policy Coalition. Under binding Supreme Court precedent, FPC has standing to sue on behalf of its members. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Indeed, such associational standing is explicitly predicated on an organization's ability to get relief for its injured members not personally before the court: "If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 515 (1975)). "The doctrine of associational standing recognizes that the primary reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 290 (1986). Indeed, in *Brock* the Supreme Court explicitly rejected the notion that a union suing on behalf of its thousands of members had to bring a class action to secure injunctive relief for those members. *Id.* at 288. And the practice of affording relief to associations of individuals with common interests has a long history in this country and before, extending back to the English common law. *See* JOSEPH STORY, COMMENTARIES ON EQUITY

PLEADINGS (3d ed. 1844) (noting that representational suits could be maintained at equity "where the parties form a voluntary association for public or private purposes, and those, who sue, or defend, may fairly be presumed to represent the rights and interests of the whole").

This is not debatable. The Supreme Court reaffirmed associational standing two years ago. *See Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 143 S. Ct. 2141, 2157–58 (2023). The Government's contrary argument, premised on *Trump v. CASA*, 145 S. Ct. 2540 (2025), cannot overcome this binding precedent. *See* Gov't Reply, Doc. 42 at 11–13 (Aug. 13, 2025). *CASA* directed that equitable relief be crafted to provide relief to the parties before the Court. *See* 145 S. Ct. at 2562–63. It did nothing to limit the Court's prior holdings indicating that providing relief to associational plaintiffs includes providing relief to its members, and unless the Supreme Court explicitly overrules that precedent, this Court is bound to follow it. *See, e.g.*, *Agostini v. Felton*, 521 U.S. 203, 237–38 (1997). While the Government cites Justice Thomas's concurrence in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), as critical of the doctrine, Reply at 12, Justice Thomas acknowledged that, under governing precedent, "[i]f a single member of an association has suffered an injury, our doctrine permits that association to seek relief for its entire membership," 602 U.S. at 399 (Thomas, J., concurring). The Government argues that it "would have no way to know whom an injunction restricting enforcement of the challenged laws covers," Reply at 13, but the Government could comply with an injunction by, for example, directing FFLs to ask whether prospective non-resident purchasers are FPC members or declining to enforce the restriction across the board. *See* Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 HARV. L. REV. 417, 439 (2017). In any event, Supreme Court precedent expressly authorizes the relief FPC is seeking, and if that relief were granted "the burden" would be on the Government "to figure out how to comply." *Id* at 479.

Dated: August 26, 2025

Respectfully submitted,

By: */s/ David H. Thompson*
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

Cody J. Wisniewski*
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (615) 955-4306
Telecopy: (615) 334-0463
cwi@fpcafhq.org

R. Brent Cooper
Texas Bar No. 04783250
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

*Counsel for Plaintiffs*
* Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On August 26, 2025, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all counsel of record.

*/s/ David. H. Thompson*
David H. Thompson
*Counsel for Plaintiffs*